IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MELVIN W. KESSLER,                          :
                                            :
                Plaintiff,                  :
                                            :
        v.                                  : Civil Action No. 17-1711-RGA
                                            :
WSFS BANK,                                  :
                                            :
                Defendant.                  :

**MEMORANDUM**

1. **Introduction**. Plaintiff appears *pro se*. He commenced this lawsuit against

Defendant WSFS Bank alleging violations of the Racketeer Influenced and Corrupt

Organizations Act, Truth-in-Lending Act, Fair Credit Reporting Act, Fair Debt Collection

Practices Act, Home Ownership Equity Protection Act, Fair Credit Billing Act, and

Federal Trade Commission Act, all in relation to collection and foreclosure efforts of real

property located in Bear, Delaware. (D.I. 2).

2. **Background**. On December 19, 2017, Plaintiff filed a motion for an

emergency injunction to halt mortgage foreclosure proceedings in the Superior Court of

the State of Delaware in and for New Castle County, Case No. N17L-12-001-JAP. (D.I.

6.) Plaintiff indicates that he became aware that Defendant "just filed this same case"

in State court to begin foreclosure proceedings on his home. He asks the Court to

enter an order to "put a brief halt/hold on the Defendant's aggressive proceedings in the

Superior Court, at least until a better deal/resolution can be made." (*Id.*). Plaintiff

wants the case to remain in this federal venue and asks the court to grant an injunction,

either temporary or permanent, to stop Defendant's foreclosure proceedings in State Court.

3. **Standards of Law**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutraSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet*, 176 F.3d at 153.

4. **Discussion**. Plaintiff's request does not meet the requisites for injunctive relief. Plaintiff has failed to show a likelihood of success on the merits, and has failed to demonstrate irreparable harm. Plaintiff acknowledges that Defendant had made attempts to foreclose the property, and that Defendant recently commenced a foreclosure action. Plaintiff has available to him the opportunity to address any concerns regarding foreclosure in the pending state court proceeding.

5. In addition, the Anti-Injunction Act prohibits federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of

2

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute."). The three exceptions are narrowly construed, *see In re Diet Drugs*, 282 F.3d 220, 231 (3d Cir. 2002), and none of the narrowly construed exceptions are applicable to the present matter.

6. **Conclusion**. For the above reasons, the Court will deny the motion for an emergency injunction. (D.I. 6). A separate order shall issue.

Dated: December ___19___, 2017

UNITED STATES DISTRICT JUDGE

3